# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS WISNIEWSKI,** | : | Civil No. 1:16-CV-1626 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **JAMES FROMMER, D.O., et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 5, 2016, the defendants removed this action to federal court following the filing of an amended complaint in state court which gave rise to grounds for removal. At the time that this case was removed, the parties were engaged in a continuation of preliminary injunction litigation in state court. The parties had tentatively scheduled litigation of these injunctive relief questions in state court for the week of August 22, 2016.

Upon removal of this case the defendants filed a motion to dismiss, (Doc. 7.), and a motion for leave to file an over-sized brief. (Doc. 8.) The plaintiff responded to these motions by stating an intention to amend his complaint, and by seeking and extension of time in which to file an amended complaint. (Doc. 11.)

Presented with this array of motions we conducted a telephonic case management conference with counsel, and following this conference, IT IS ORDERED as follows:

Rule 15(a), F.R. Civ. P. provides in pertinent part as follows:

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading.

In this case, the plaintiff has timely notified us that he intends to amend his complaint within 21 days of the filing of this motion to dismiss. The defendant is entitled to do this once as a matter of course, and in the absence of any objection by the defendants, the motion for extension of time in which to file an amended complaint as a matter of course (Doc. 11.) is GRANTED. This amended complaint will be filed on or before **September 19, 2016**.

We believe that this development has substantive significance for the parties with respect to the initial motion to dismiss the prior complaint filed in this case, and accompanying motion for leave to file an over-sized brief, (Docs. 7 and 8.) since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell

Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case will be amended, the original complaint will be a nullity, and any motion to dismiss challenging that original complaint is now moot. Therefore, we will DISMISS the pending motion to dismiss the prior complaint filed in this case, and accompanying motion for leave to file an over-sized brief, (Docs. 7 and 8.) as moot, without prejudice to renewal of those motions with respect to the amended complaint.

Finally, having discussed with the parties their competing motions in state court relating to preliminary injunctive relief, the Court will schedule a hearing on these motions for **August 23, 2016 at 11:00 a.m.**, in Courthouse 5, U.S. Courthouse, Harrisburg, contingent upon the parties reporting their mutually availability to the Court no later than close of business on **August 17, 2016**. The Court also requests that counsel confer prior to this hearing and attempt to ascertain whether some mutually agreeable interim relief can be agreed-to by the parties prior

to any hearing.[1]

So ordered this 16th day of August 2016.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[1] We make this request of counsel because we note that in recent filings it appears that in June of 2016 counsel briefly discussed some interim arrangement for securing medication for the plaintiff. (Doc. 13.)