IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS WISNIEWSKI, :
    Plaintiff :
: No. 1:16-cv-1626
    v. :
: (Judge Kane)
JAMES F. FROMMER, JR., D.O., et al., :
    Defendants : (Magistrate Judge Carlson)
:

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court in the above-captioned action is the July 28, 2017 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 56), recommending that the Court grant the motions to dismiss the federal claims in Plaintiff Thomas Wisniewski's Second Amended Complaint ("SAC"), filed by Defendants Frommer, Dancha, Cutshall, and Correct Care Solutions, Inc. (the "CCS Defendants") (Doc. No. 40), and Defendants Dreibilbis, Noel, Ginchereau, Montag, White, Norris, Silva, Oppman, and the Department of Corrections (the "DOC Defendants") (Doc. No. 44), and decline to exercise supplemental jurisdiction over the remaining state law claims in Plaintiff's SAC. This lawsuit stems from a challenge by Plaintiff, an inmate at the State Correctional Institution at Smithfield, Pennsylvania ("SCI-Smithfield"), to the Defendants' treatment of his chronic back pain. On August 10, 2017, Plaintiff filed Objections to the Report and Recommendation. (Doc. No. 57.) On August 11, 2017, the CCS Defendants filed a Response to Plaintiff's Objections. (Doc. No. 58.) On August 21, 2017, the DOC Defendants filed a brief in support of the Report and Recommendation (Doc. No. 59), to which Plaintiff responded on August 21, 2017 (Doc. No. 60).

1

While Plaintiff asserts three objections to the Report and Recommendation, the Court need only address Plaintiff's first objection, as it is the only one relevant to the Court's disposition of the pending Report and Recommendation.[1] Plaintiff takes issue with Magistrate Judge Carlson's conclusion that Plaintiff's SAC fails to state a claim for deliberate indifference to serious medical needs under the Eighth Amendment, arguing that Magistrate Judge Carlson mistakenly characterizes Plaintiff's Eighth Amendment claim as one based on Plaintiff's dispute with the medical treatment provided by the Defendants. (Doc. No. 57 at 2-5.) Instead, Plaintiff argues that the SAC sets forth a claim of complete failure to treat Plaintiff's serious medical needs, as opposed to his disagreement with the medical treatment provided by the Defendants, which he maintains suffices to state a claim under the Eighth Amendment and 42 U.S.C. § 1983. (Id.)

Under prevailing Third Circuit standards, to determine the sufficiency of a complaint when ruling on a motion to dismiss for failure to state a claim, the Court must: (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

A claim for a violation of the Eighth Amendment arises when prison officials are

---

[1] Plaintiff's second and third objections principally take issue with Magistrate Judge Carlson's summary of the procedural posture of this case, and his recommendation that, in the context of the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court should dismiss those state law claims without prejudice to Plaintiff's ability to refile them in state court. (Doc. No. 57 at 5-10.)

deliberately indifferent to a prisoner's serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To sustain this constitutional claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Further, as stated by the Third Circuit, "there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" Pearson, 850 F.3d at 535 (quoting United States ex. rel. Walker v. Fayette Cty., 599 F.2d 573, 575 n. 2 (3d Cir. 1979)). This is so because "'mere disagreement as to the proper medical treatment' does not 'support a claim of an eighth amendment violation.'" Id. (quoting Monmouth Cty. Corr. Inst. v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)).

Here the relevant dispute is whether the factual allegations of Plaintiff's SAC suffice to state a claim of complete denial of medical care or whether they state a claim of inadequate medical treatment. Despite Plaintiff's argument that medical treatment for his chronic back pain was discontinued abruptly on August 4, 2015 and not resumed until June 28, 2016 (Doc. No. 57 at 3), the well-pled facts of the SAC belie this broad conclusory statement contained in Plaintiff's objections and similar ones contained in the SAC. Rather, the facts of Plaintiff's SAC reveal that Plaintiff's treatment protocol for his chronic back pain was altered in early August 2015 after Defendant Frommer, in his capacity as an employee of Defendant CCS, a private company contracted to provide medical services for inmates at SCI-Smithfield, became the new medical director at that institution. (Doc. No. 28, SAC ¶¶ 5, 112, 132.) The SAC alleges that

3

Defendant Frommer, after a clinical encounter with Plaintiff, informed him that he would not renew the narcotic pain medication (Ultram) Plaintiff had previously been prescribed for his chronic back pain; instead, Defendant Frommer recommended that Plaintiff use Motrin for pain relief. (Id. at ¶¶ 132-33.) In light of these well-pled factual allegations, and taking into consideration the fact that conclusory allegations contained in a complaint are "not entitled" to the assumption of truth, see Santiago, 629 F.3d at 130, the Court finds no error in Magistrate Judge Carlson's conclusion that Plaintiff's SAC fails to state a claim under the Eighth Amendment for deliberate indifference to serious medical needs.

Accordingly, upon review of the pending Report and Recommendation, Plaintiff's Objections, the CCS Defendants' Response, the DOC Defendants' brief in support of the Report and Recommendation, Plaintiff's Response thereto, and the SAC, as well as the applicable law, the Court will adopt Magistrate Judge Carlson's Report and Recommendation insofar as it contemplates granting the CCS Defendants' and the DOC Defendants' motions to dismiss the Eighth Amendment claims asserted against them, and declining to exercise supplemental jurisdiction over the remaining state law claims in Plaintiff's SAC.

**AND SO**, on this 31st day of August 2017, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 56), of Magistrate Judge Carlson;

2. The CCS Defendants' Motion to Dismiss (Doc. No. 40), is **GRANTED in part** and **DENIED in part**;

3. The DOC Defendants' Motion to Dismiss (Doc. No. 44), is **GRANTED in part** and **DENIED in part**;

4. The federal claims asserted in Plaintiff's Second Amended Complaint (Count II),

are **DISMISSED WITH PREJUDICE**;

5. The remaining state law claims in the Second Amended Complaint (Counts I, III, and IV), are **REMANDED** back to the Huntington County Court of Common Pleas; and

6. The Clerk of Court is directed to **CLOSE** the case.

       s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania