# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS WISNIEWSKI,** | : | Civil No. 1:16-CV-1626 |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **JAMES FROMMER, D.O., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I. Factual Background

In the normal course of litigation, the process of unsealing exhibits so that they may be accessible to an appellate court reviewing a trial court decision would seem to be a simple matter, readily achieved by the agreement of the parties. This simple task should never be a subject that encompasses months of litigation, multiple pleadings, hundreds of pages of filings, and motions to re-consider an order which simply promotes transparency and fairness in litigation by unsealing both parties' exhibits.

Regrettably, this is not a normal case.

This is a lawsuit filed by Thomas Wisniewski, an inmate in the custody of the Pennsylvania Department of Corrections, housed at the State Correctional Institution at Smithfield. Wisniewski initiated this lawsuit in the Court of

Common Pleas of Huntingdon County on August 17, 2015, by filing a complaint and an emergency action for a temporary restraining order. The basis for the action was specific: Wisniewski was challenging a decision by Correct Care Solutions, LLC ("CCS") -- the private company contracted to provide medical services for inmates at SCI-Smithfield – and two of its physicians, as well as employees of the DOC, discontinuing a particular dosage of Ultram, also called Tramadol, that the plaintiff claims he needs to manage his chronic back pain, as well as related decisions regarding the course of his therapeutic and palliative care for back pain.

As originally filed, the plaintiff's claims sought relief for alleged violations of Pennsylvania state law, or for breaches of contract, medical malpractice and other tortious conduct. In July 2016, the plaintiff amended the complaint to include claims alleging that the defendants' decision to prohibit or otherwise restrict the plaintiff's use of Tramadol also constituted a violation of the Eighth Amendment to the United States Constitution. On the basis of this allegation, CCS removed the action from state court to federal court under its federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.

On August 23, 2016, the Court held an evidentiary hearing on Wisniewski's request for injunctive relief on his claims. In connection with that hearing, mindful of the plaintiff's concerns regarding medical privacy, the Court directed that the

parties' respective hearing exhibits (Docs. 18, 19) be filed under seal. On October 12, 2016, the undersigned issued a Report and Recommendation recommending that the plaintiff's request for injunctive relief be denied. (Doc. 35.) The District Court adopted this recommendation by Order issued on July 24, 2017. (Doc. 55.)

On July 28, 2017, the undersigned recommended that the defendants' motion to dismiss the complaint be granted with respect to Wisniewski's Eighth Amendment claims, and that the District Court decline to exercise supplemental jurisdiction over the remaining state-law claims. (Doc. 56.) By Order issued on August 31, 2017, the District Court adopted the Report and Recommendation, dismissed the plaintiff's federal claims with prejudice, and remanded the state-law claims to the Court of Common Pleas for Huntingdon County. (Doc. 61.)

On September 29, 2017, the plaintiff filed a Notice of Appeal, seeking review of the District Court's denial of his request for injunctive relief, and the dismissal of his federal claims. (Doc. 67.) The plaintiff's appeal is currently pending before the Third Circuit Court of Appeals at <u>Wisniewski v. Frommer</u>, App. Dkt. No. 17-3164.

On December 5, 2017, the plaintiff filed a motion to unseal the documents that he had submitted in connection with the evidentiary hearing on his motion for injunctive relief. The defendants did not oppose that motion, and it was granted by Order entered on December 7, 2017. (Doc. 70.)

On February 19, 2018, the defendants moved to unseal exhibits that they had submitted in connection with the same hearing for purposes of facilitating the briefing on the appeal that the plaintiff had filed with the Third Circuit. (Doc. 71.) Purportedly because the deadline for filing the Appendix with the Court of Appeals had already passed, the plaintiff refused to concur in this motion.

Rather than file a brief opposing the motion, on February 19, 2018 the plaintiff filed a motion requesting an additional two weeks to prepare an opposition. (Doc. 72.) In support of that motion, the plaintiff's counsel represented that her other litigation responsibilities were too great to allow her to review the plaintiff's own medical documents that comprised the defendants' under seal exhibits. She also repeated her contention that the motion was simply untimely, as the window for amending the parties' Joint Appendix with the Third Circuit had already run. The plaintiff also expressed concern about his medical information being made part of the appellate record. (Id.) The defendants opposed this motion, maintaining that this is a straightforward matter that should never have been contested, and noting that the records in question are the plaintiff's medical records that pertain to his own medical care which is the central issue in the litigation that he elected to bring, and which he has continued to litigate on appeal. (Doc. 73.) The defendants further noted that they originally did not intend to include the exhibits as part of the Joint Appendix before the Court of Appeals, but

4

concluded that they needed to do so in order to address "misrepresentations of fact regarding Plaintiff's treatment" that appear in the plaintiff's appeal brief. (Id.) Finally, the defendants represent that simultaneous to filing their brief, their counsel furnished plaintiff's counsel with a copy of the exhibits that the defendants intend to use on appeal, but counsel responded that she was too busy to review them at that time. (Id. at p. 2 n.1.)

With the parties seemingly unable to resolve this issue among themselves, and cognizant of the common law presumption of public access to judicial proceedings and records, In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001), we ordered these documents unsealed. (Doc. 74.) We also endeavored to explain for all concerned that this contest over unsealing was an essentially fruitless foray, stating in part that:

> [The] plaintiff himself sought the very same relief. To ease his own briefing before the Third Circuit, the plaintiff previously sought to unseal the exhibits that he had placed under seal with this Court. The defendants concurred in this request, for reasons that are obvious as a matter of professional courtesy, and the reasonable course would have been to extend a similar professional courtesy to the defendants since a refusal to concur in the defendants' request for the same relief makes little sense as a matter of litigation strategy, and would appear to have gained him no advantage in this litigation or on appeal. Moreover, we can perceive no obvious or unfair prejudice from unsealing the exhibits. However, if the plaintiff believes he has good grounds to oppose supplementation of the Appendix in the Third Circuit, or if he genuinely believes that he faces some grave prejudice from this ruling, he may petition the Appeals Court for relief.

(Doc. 74, p. 7.)

5

Sadly, it appears that our message concerning the wisdom and merits of mutual professional courtesy was not fully apprehended by plaintiff's counsel, who has elected instead to file an 88 page motion to reconsider this simple order. (Docs. 75 and 76.) This motion has the qualities of a document drafted both in pique and in haste, since it eschews reasoned analysis in favor of unwarranted insinuation.[1] Beyond its apparent pique, however, this filing exposes two unintended ironies relating to the plaintiff's position on what should be a simple collateral question in the lawsuit.

First, the plaintiff's motion fails to acknowledge a simple truth: This ruling unsealing defense exhibits simply levels the legal playing field and provides the

---

[1] For example, plaintiff's counsel makes the astonishing assertion that our order, which granted the defendants the same relief previously afforded to the plaintiff, was "irregular and unseemly" and "give[s] the appearance of putting his thumb on the scale." (Doc. 76, p.5.) The plaintiff's suggestion on this score is baseless, and rests upon a curious, myopic, and distorted view of the record. As the plaintiff is doubtless aware, in December of 2017 we first unsealed the plaintiff's exhibits at counsel's request. The defendants, to their credit, concurred in this request. As the appeal progressed, however, this initial decision created an inappropriate asymmetry since the plaintiff's exhibits were unsealed but certain defense exhibits remained under seal. That asymmetry was heightened when the plaintiff's counsel refused to extend the same professional courtesy to defense counsel that defense counsel had previously conferred to the plaintiff and declined to concur in the unsealing of the defense exhibits. While the plaintiff was content to allow this evidentiary imbalance to exist, we were not. Thus, our ruling affording the same unsealing relief to the defendants that we had previously granted to the plaintiff did not tilt the scales, as plaintiff now implies. Rather, it balanced those scales. It is altogether unfortunate that counsel's otherwise commendable passion and zeal for her client blinds her to the simple equity of this decision, and leads her to conjure imaginary insinuations instead.

defense the same factual and evidentiary transparency that we afforded to the plaintiff in December of 2017. Thus, the plaintiff's obdurate opposition to this simple request puts him in the ironic position of insisting that the unsealing of his exhibits was absolutely necessary while the unsealing of the defense exhibits is entirely improper.

Second, the plaintiff's voluminous filings on this collateral and seemingly simple issue reveal another irony: This controversy was entirely avoidable and is wholly the product of the plaintiff's own choices and decisions. Presented with a simple motion to unseal in February of 2018, the plaintiff's counsel has for months insisted that concurrence in this motion was impossible because counsel could not engage in the commitment of time and resources necessary to examine these exhibits and agree to their release. However, ironically, instead of following the simple course of examining the sealed exhibits and agreeing to their unsealing, counsel has elected to devote time and resources to filing 100 pages of pleadings which have delayed the resolution of the elementary issue for two months.

In any event, for the reasons set forth below, we find that reconsideration of this ruling is not appropriate, and deny this motion to reconsider.

## II. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc*.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge*,* 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*.,* 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged by these guideposts, the plaintiff's motion to reconsider fails.

At the outset, the plaintiff does not cite to the availability of new evidence in this case which would compel denying the defendants the same access to previously sealed exhibits that we had afforded to the plaintiff in December of 2017. Rather, the plaintiff simply disputes certain collateral factual matters which we deem immaterial to the rationale behind our decision, our view that both parties were entitled to the same degree of factual and evidentiary transparency in this case.

Further, the plaintiff does not, and indeed cannot, argue that there has been an intervening change in the law which compels us to deny the relief to the defendants that we had earlier granted to the plaintiff, the unsealing of exhibits. Quite the contrary, the controlling legal principles in this case remain unchanged

9

and provide that it is well-settled that the Court "has supervisory power over its own records and files." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). Accordingly, the Court has the discretion to decide issues regarding the sealing of the record, by balancing relevant factors that militate for and against access. See Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986). Furthermore, the Court

> Retains the power to modify or lift confidentiality orders that it has entered. . . . Nevertheless, simply because the courts have the power to grant orders of confidentiality does not mean that such orders may be granted arbitrarily.

Pansy v. Borough of Stroudsburg, 23 F.3d 772, 784-85 (3d Cir. 1994) (citations omitted). As the United States Court of Appeals for the First Circuit has explained:

> a protective order, like any ongoing injunction, is always subject to the inherent power of the district court to relax or terminate the order, even after judgment. This retained power in the court to alter its own ongoing directives provides a safety valve for public interest concerns, changed circumstances or any other basis that may reasonably be offered for later adjustment.

Poliquin v. Garden Way, Inc., 989 F.2d 527, 535 (1st Cir. 1993). "Thus, it cannot be disputed that the Court 'retains the power to modify or lift protective orders that it has entered.'" Zurich American Ins. Co. v. Rite Aid Corp., 345 F. Supp. 2d 497,

501 (E.D. Pa. 2004) (quoting In re "Agent Orange" Prod. Liability Litig., 821 F.2d 139, 145 (2d Cir. 1987)).

Finally, we conclude that no manifest injustice has resulted from this order which: (1) granted the defendants the same relief previously given to the plaintiff; (2) allowed for a level factual and evidentiary playing field in this litigation; and (3) facilitated informed review of this case by allowing the appellate court and the parties untrammeled access to all relevant evidence.

### III. Order

For the foregoing reasons the plaintiff's motion to reconsider this unsealing order is DENIED.

So ordered this 19th day of April, 2018.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge